Filed 11/25/15  In re Gianna I. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re GIANNA I. et al., Persons Coming Under the Juvenile Court Law. | |
| | D068548 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J518441B-D) |
| v. | |
| E.C., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Edlene C. McKenzie, Judge.  Reversed and remanded with directions.

Lelah S. Fisher, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Daniela Davidian, Deputy County Counsel, for Plaintiff and Respondent.

Presumed father E.C. appeals the termination of his parental rights to children Gianna I., G.I.C. and G.M.C. (together, the children). E.C. contends judgment must be reversed and the case remanded to ensure proper notice pursuant to the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.). Plaintiff San Diego County Health and Human Services Agency (the Agency) properly concedes the point.

In June 2012, the Agency filed dependency petitions for Gianna and G.I.C. Their mother, Michelle I., said she had Chumash Indian ancestry. In July, the Agency sent notice by certified mail to the Santa Ynez Band of Mission Indians (also called the Santa Ynez Band of Chumash Indians), the Bureau of Indian Affairs (BIA) and the Secretary of the Interior.[1] In August, the Santa Ynez Band of Chumash Indians responded, saying Gianna and G.I.C. were not enrolled or eligible for enrollment. The court entered true findings on the petitions and ordered Gianna and G.I.C. placed with E.C. The court found ICWA did not apply.

In February 2013, the Agency filed supplemental petitions. The court ordered Gianna and G.I.C. detained with a relative and confirmed its finding ICWA did not apply. In April, the court dismissed the supplemental petitions and ordered Gianna and G.I.C. continue to be placed with E.C. In November, G.M.C. was born. The Agency filed a petition for her. The court ordered G.M.C. detained with E.C. and found ICWA did not apply in her case. In December, the court ordered G.M.C. placed with E.C.

---

[1] We grant the Agency's motion to augment the record with copies of the postmarked certified mail receipts and responses from the BIA and the Santa Ynez Band of Chumash Indians.

In May 2014, the Agency filed supplemental petitions for the children. The children were detained in foster care. In July, the court made true findings on the supplemental petitions and ordered the children placed in foster care. The court found ICWA notice was not required because ICWA did not apply. At the six-month review hearing in February 2015, the court set a section 366.26 hearing. In July, the court terminated parental rights. The court confirmed its previous finding ICWA did not apply.

We grant the Agency's request for judicial notice of pages one and nine of the Federally-Recognized Tribes ICWA Contacts For Noticing Purposes (December 2013 and March 2014) <http://www.childsworld.ca.gov/res/pdf/CDSSTribes.pdf>. This material shows there are two Chumash Tribes, the Santa Ynez Band of Mission Indians and the Tejon Indian Tribe. The Agency never sent ICWA notice to the latter tribe and never sent ICWA notice regarding G.M.C. to either tribe.

## DISPOSITION

The judgment is reversed. The case is remanded to the juvenile court with directions to order the Agency to (1) provide proper ICWA notice and (2) file all required documentation with the court. If, after proper notice, a tribe claims the children are

3

Indian children, the court shall proceed in conformity with ICWA. If, on the other hand, no tribe makes such a claim, the court shall reinstate the judgment.

McCONNELL, P. J.

WE CONCUR:


BENKE, J.


HUFFMAN, J.

4